IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA PINKSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-03281-X-BT |
| | § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cynthia Pinkston, proceeding pro se, filed this lawsuit in Dallas County District Court, against her former employer, Defendant Dallas Independent School District (DISD). Plaintiff asserts claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Texas Commission on Human Rights Act (TCHRA), the Family Medical Leave Act (FMLA), the Equal Pay Act, the Texas Constitution and other Texas laws.

Defendant removed the lawsuit to federal court based on federal-question jurisdiction. *See* Rem. Not. (ECF No. 1). Defendant then filed a Rule 12 motion to dismiss all of Plaintiff's claims. *See* Mot. (ECF No. 7).

After considering the pleadings, the parties' briefing, the applicable law, and the materials properly before the court, the undersigned concludes that Plaintiff's claims, as presently pleaded, do not establish a basis for relief. Therefore, the District Judge should **GRANT** in part Defendant's motion.

## *Background*

Liberally construed, Plaintiff's Original Petition alleges that Defendant retaliated against her for engaging in protected activity and taking FMLA leave, including by delaying her return to work and subjecting her to retaliatory corrective measures, ultimately forcing her to resign in a constructive discharge. Orig. Pet. at 7 (ECF No. 1-1).

Specifically, Plaintiff alleges that she worked for DISD for more than 10 years. *Id.* at 6. From December 2018 until her resignation in February 2024, she worked as a Field Experience Facilitator. *Id.* at 6–7. Plaintiff received a "positive" mid-year evaluation in March 2023"; she "was not rated 'does not meet expectations'[.]" *Id.* at 7. At the time she received this evaluation, Plaintiff was experiencing "internal tensions and retaliatory conduct . . . due to [her] protected activity, including raising equity concerns and seeking medical leave." *Id.* Plaintiff took FMLA leave beginning in April 2023, and although she "was medically cleared to return in May and June [of 2023], [Defendant] delayed her reinstatement, stating she could not return until her accommodations expired in December 2023." *Id.* Upon returning to work in January 2024, Plaintiff "was subjected to corrective actions" akin to a Performance Improvement Plan which "appeared retaliatory in nature." *Id.* Plaintiff "resigned under pressure on February 21, 2024, amounting to a constructive discharge." *Id.*

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on July 25, 2023 (the "Original Charge"), Mot.

App., Ex. A (ECF No. 8-1), and an Amended Charge of Discrimination on March 8, 2024 (the "Amended Charge"), *id.*, Ex. B (ECF No. 8-2); *see also* Resp. at 2 (ECF No. 10). The Charges alleged that from January 2019 through July 2023, Defendant paid Plaintiff "significantly less" than one of her male colleagues who performed work of "substantially equal skill, effort and responsibility under similar conditions," and that, despite bringing the pay disparity to her employer's attention, her pay remained unchanged. Mot. App., Ex. A at 1 (ECF No. 8-1); *id.*, Ex. B at 4 (ECF No. 8-2). The EEOC issued Plaintiff a right to sue letter on May 1, 2025. Rem. Not., Ex. A-10 at 48 (ECF No. 1-1).

Plaintiff filed her original petition on July 28, 2025, in the 162nd District Court of Dallas County, Texas, asserting nine claims: (1) retaliation in violation of Title VII, the Americans with Disabilities Act (ADA), and the Texas Commission on Human Rights Act (TCHRA); (2) failure to accommodate in violation of the ADA and the TCHRA; (3) disability discrimination in violation of the ADA and TCHRA; (4) interference with Plaintiff's FMLA rights; (5) constructive discharge in violation of Title VII, the ADA, the TCHRA, and the FMLA; (6) wage discrimination in violation of the Equal Pay Act; (7) violation of due process rights under the Texas Constitution and Texas Education Code; (8) negligent misrepresentation and concealment under Texas law; and (9) hostile work environment in violation of Title VII and the ADA. Orig. Pet. at 8–9, 44–45 (ECF No. 1-1).

Following removal, Defendant moved to dismiss the action, arguing that Plaintiff's claims are barred or otherwise deficient for various reasons, including lack of jurisdiction, failure to exhaust administrative remedies, failure to state a claim, and untimeliness. *See generally* Mot. (ECF No. 7). Plaintiff filed a response (ECF No. 10), and Defendant filed a reply (ECF No. 11). The Motion is thus ripe for adjudication.

### ***Legal Standard***

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." *Iqbal*, 556 U.S. at 679. When the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Here, Defendant attached a copy of Plaintiff's EEOC Charges to its Motion. Because the Charges are referenced in Plaintiff's Original Petition, *see* Orig. Pet. at 7 (ECF No. 1-1) (referring to the Amended Charge), and central to Plaintiff's claims, the Court may consider the Charges in analyzing Defendant's Motion. *See Johnson v. McDonald*, 623 F. App'x 701, 704 n.2 (5th Cir. 2015) (per curiam) (holding an EEOC charge was properly considered in analyzing motion under Rule 12(b)(6)).

Courts considering Rule 12(b)(6) motions generally hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v.*

*Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). But "despite [the] general willingness to construe pro se filings liberally," courts "still require pro se parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (cleaned up). Thus, a pro se plaintiff is not excused from the requirement to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" *Id.* (citations omitted).

## ***Analysis***

### *Voluntary Dismissal and Abandonment*

Plaintiff's Original Petition asserts claims against Defendant for violation of her due process rights under the Texas Constitution and Texas Education Code, as well as claims for negligent misrepresentation and concealment under Texas law. Orig. Pet. at 8 (ECF No. 1-1).

Defendant moves to dismiss Plaintiff's due process claim because the Texas Constitution "does not create a private cause of action against a governmental entity for money damages relating to alleged violations of Texas constitutional rights." *See* Mot. at 5 (ECF No. 7). Additionally, Defendant argues that a plaintiff must exhaust available administrative remedies before bringing a claim under the Texas Education Code and that Plaintiff has not alleged facts showing exhaustion. *Id.* As to Plaintiff's negligent misrepresentation and concealment claims, Defendant contends that governmental immunity bars those claims because the Texas Tort Claims Act does not waive immunity under the facts alleged. *Id.* at 4.

In her response, Plaintiff states that she "does not oppose dismissal, without prejudice," of her negligent misrepresentation and concealment claim under Texas common law and any standalone claim under the Texas Constitution for money damages. Resp. at 1 (ECF No. 10). Plaintiff does not otherwise address Defendant's arguments concerning these claims or her claim under the Texas Education Code. Instead, she states she "does not contest" the legal issues raised by Defendant's Motion. *Id.* at 7. To the extent Plaintiff contends that any of these claims survive insofar as she seeks non-monetary relief, she has not addressed or otherwise defended those claims in response to Defendant's Motion.

Under Fifth Circuit precedent, a party may be deemed to have abandoned a claim by failing to defend it in response to a dispositive motion. *See McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) ("This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings."). Here, Plaintiff has expressly stated that she does not oppose dismissal of her negligent misrepresentation and concealment claims and any claim for money damages under the Texas constitution, and she has not presented an argument addressing Defendant's asserted grounds for dismissal of her Texas Education Code claim or any claim for non-monetary relief under the Texas Constitution. Plaintiff has abandoned these claims to the extent she has not otherwise defended them.

Accordingly, the District Judge should **GRANT** Defendant's Motion to Dismiss as to these claims and **DISMISS WITHOUT PREJUDICE** Plaintiff's

due process claims under the Texas Constitution and Texas Education Code, as well as her negligent misrepresentation and concealment claims.

*Failure to Exhaust Administrative Remedies*

In her Original Charge, Plaintiff states that she experienced discrimination based on "Equal Pay, Sex." Mot. App., Ex. A at 1–2 (ECF No. 8-1). In its entirety, the narrative section of Plaintiff's Original Charge reads:

> THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*
> PERSONAL HARM:
>
> Starting in or around January 2019, and continuing to date, I have been paid significantly less than my male colleague, Jeff, performing work of substantially equal skill, effort and responsibility under similar conditions. Despite bringing the pay disparity to the attention of management, no action has been taken to address my concerns and my pay rate remains unchanged.
>
> RESPONDENTS REASON FOR ADVERSE ACTION:

> No reason given.
>
> DISCRIMINATION STATEMENT:
>
> I believe that I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Equal Pay Act of 1963, as amended.

Mot. App., Ex. A at 1–2 (ECF No. 8-1). Plaintiff's Amended Charge is substantially identical, except that Plaintiff indicates that the discrimination that allegedly took place is a "Continuing Action." *Id.*, Ex. B at 4 (ECF No. 8-2).

Defendant argues that because Plaintiff's Charges complained only of pay discrimination under Title VII and the Equal Pay Act, her retaliation, disability discrimination, failure to accommodate, constructive discharge, and hostile work environment claims should be dismissed with prejudice for failure to exhaust administrative remedies. Mot. at 11 (ECF No. 7). In response, Plaintiff concedes that her Charges alleged only "sex and equal pay discrimination based on this

[compensation] disparity." Resp. at 2 (ECF No. 10); *see also id.* at 7 ("The charge checks 'Equal Pay' and 'Sex.'"). However, Plaintiff argues—without elaboration—that her failure to exhaust her other claims should be excused because the facts underlying those claims "arise from the same employment relationship and time period described in the charge and involve the same decision makers." *Id.* at 8.

Exhausting administrative remedies is a mandatory prerequisite to filing suit under Title VII, the TCHRA, and the ADA.[1] *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021) ("Before a plaintiff may file suit in federal court under either Title VII or the ADA, the plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC."); *Williams v. Tarrant Cnty. Coll. Dist.*, 717 F. App'x 440, 445 (5th Cir. 2018) ("Under [the TCHRA], a Texas plaintiff must exhaust administrative remedies by filing a charge with the [EEOC] or the Texas Workforce Commission."). In determining whether a claim has been exhausted, the court "construe[s] the EEOC charge in its broadest reasonable sense and ask[s] whether the claim 'can reasonably be expected to grow out of the charge of discrimination.'" *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart

---

[1] Plaintiff is not required to administratively exhaust her FMLA claims. *See Nuñez-Renck v. Int'l Bus. Machs. Corp. (IBM)*, 2023 WL 5986463, at *4 (N.D. Tex. Sep. 14, 2023) (Fitzwater, J.) ("[T]he FMLA does not require employees to exhaust administrative remedies before filing suit in federal court.").

the administrative process and peremptorily substitute litigation for conciliation." *McClaim v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). Here, Plaintiff failed to exhaust her administrative remedies for her disability discrimination, hostile work environment, constructive discharge, and retaliation claims under Title VII, the ADA, and the TCHRA, and those claims should be dismissed with prejudice.

First, Plaintiff's Original Petition is devoid of any specific allegation related to Plaintiff's disability discrimination and failure to accommodate claims. *See* Mot. at 16–18 (ECF No. 7). In her Response, Plaintiff states that she is a qualified individual under the ADA and that "[b]y keeping her on leave despite medical clearance and then imposing a burdensome schedule and growth plan when she returned [to work], [Defendant] discriminated against Plaintiff because of her disability and failed to provide reasonable accommodations." Resp. at 10 (ECF No. 10). However, these new allegations cannot cure the fact that Plaintiff did not administratively exhaust these claims prior to filing her lawsuit.

"Courts in the Fifth Circuit have held that disability discrimination claims cannot reasonably be expected to grow out of other forms of alleged discrimination," such as sex discrimination, "when the plaintiff fails to allege disability discrimination in the charge." *Kerr v. Smokeball Inc.*, 2025 WL 1872640, at *4 (W.D. Tex. May 13, 2025) (collecting cases), *adopted by*, 2025 WL 1605034 (W.D. Tex. June 6, 2025). Plaintiff fails to allege in the Charges any facts that would reasonably trigger an investigation by the EEOC for any claims under the ADA,

which demonstrates a failure to exhaust administrative remedies. *See Stewart v. Smitty's Supply, Inc.*, 2020 WL 433362, at *7 (E.D. La. Jan. 28, 2020) ("The lack of any reasonable accusation of disability discrimination, failure to accommodate, or retaliation in the Charge . . . coupled with plaintiff's failure to check the box for discrimination demonstrates a failure to properly exhaust administrative remedies."); *Sorrells v. Santander Cons. USA, Inc.*, 2025 WL 2232358, at *9–10 (N.D. Tex. July 18, 2025) (Horan, J.) (concluding that the plaintiff did not exhaust administrative remedies for disability discrimination and failure to accommodate claims because the charge did "not include facts regarding her disability, her requested accommodation, or when she requested an accommodation"), *adopted by*, 2025 WL 2223265 (N.D. Tex. Aug. 5, 2025) (Kinkeade, J.). Plaintiff therefore failed to exhaust her administrative remedies for her disability discrimination and failure to accommodate claims.

Second, Plaintiff asserts a hostile work environment claim in her Original Petition without any specific supporting allegations. *See* Orig. Pet. at 9, 45 (ECF No. 1-1). In her Response, Plaintiff explains that "when viewed collectively, the long term unequal pay, denial and delay of accommodations, restrictive schedule and growth plan expectations, use of an obsolete evaluation system to deny a raise and bonus, hidden files, reprimand, and threats of termination . . . reflect a pattern of materially adverse treatment[.]" Resp. at 12–13 (ECF No. 10). However, nowhere in either of Plaintiff's Charges did she allege that she experienced any harassment, intimidation, ridicule, insult, threats, humiliation, or other facts that would

reasonably be expected to cause the EEOC to investigate a hostile work environment claim. Therefore, Plaintiff did not administratively exhaust administrative remedies for her hostile work environment claim. *See Ayorinde v. Team Indus. Servs. Inc.*, 121 F. 4th 500, 510 (5th Cir. 2024).

Third, Plaintiff failed to exhaust her administrative remedies as to any constructive discharge claim under Title VII, the ADA, and the TCHRA. Without any supporting facts, Plaintiff summarily states in her Original Petition that she "resigned under pressure on February 21, 2024[.]" Orig. Pet. at 8, 43 (ECF No. 1-1). Plaintiff expounds on the actions that allegedly compelled Plaintiff to resign in her Response. *See* Resp. at 11–12 (ECF No. 10). Still, Plaintiff's Charges contain no facts suggesting that her working conditions became so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign. Indeed, Plaintiff made no reference at all to her resignation in either of her Charges. And "[a]lthough the magic words 'constructive discharge' need not appear in the EEOC charge, a plaintiff alleging constructive discharge must have included allegations 'like or related to' her constructive discharge claim." *Ayorinde*, 121 F.4th at 508 (cleaned up). Therefore, Plaintiff has failed to exhaust her administrative remedies with respect to her constructive discharge claim.

Finally, Plaintiff's Title VII, ADA, and TCHRA retaliation claims exceed the scope of any administrative investigation which could reasonably be expected to grow out of her Charges. Neither Plaintiff's Original Charge nor her Amended Charge mentions retaliation, and the factual allegations in the Charges' narrative

"are not sufficient to put any investigator on notice of a retaliation claim." *Nedd v. Dall. Indep. Sch. Dist.*, 2024 WL 945865, at *5 (N.D. Tex. Feb. 13, 2024) (Rutherford, J.), *adopted by*, 2024 WL 947440 (N.D. Tex. Mar. 5, 2024) (Kinkeade, J.). Plaintiff states in her Response that she "engaged in protected activity by: (a) complaining to HR and management about pay grade and unequal pay; (b) filing an EEOC charge; and (c) requesting ADA accommodations and taking FMLA leave." Resp. at 9 (ECF No. 10). But her Charges do not mention any of these alleged protected activities or adverse employment actions. *See Horton v. CCA Props. of Am., LLC*, 2013 WL 2248033, at *6 (5th Cir. May 8, 2013) (per curiam) (finding that the plaintiff's retaliation claim failed for failure to exhaust administrative remedies because the plaintiff did not "assert having taken any actions that would have provoked retaliation"). And while "retaliation claims need not be exhausted if they grow out of or stem from an earlier filing of an EEOC charge[,]" *King v. Life Sch.*, 809 F. Supp. 2d 572, 580 (N.D. Tex. 2011) (citing *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 413–14 (5th Cir. 1981)), Plaintiff's Amended Charge—filed after her resignation—did not add allegations of retaliation. *See Cargo v. Kan. City S.*, 2009 WL 3012872, at *2 (W.D. La. Sep. 16, 2009) (dismissing retaliation claim for failure to exhaust administrative remedies because original and amended EEOC charges contained no allegations that were "like or reasonably related to" a claim of retaliation). Therefore, Plaintiff failed to administratively exhaust her retaliation claim.

That Plaintiff asserts—again, without elaboration—that the facts underlying her retaliation, disability, FMLA, and hostile work environment claims "arise from the same employment relationship and time period described in the charge and involve the same decision makers" does not remedy her failure to administratively exhaust these claims. Resp. at 8 (ECF No. 10). The relevant inquiry is whether the factual allegations in the administrative charge would reasonably be expected to lead to an investigation of the claims alleged in Plaintiff's Original Petition. A common nucleus of facts does not, by itself, establish exhaustion.

Defendant has demonstrated that Plaintiff failed to exhaust her administrative remedies for her failure to accommodate, disability discrimination, constructive discharge, hostile work environment, and retaliation claims under Title VII, the ADA, and the TCHRA. And, contrary to Plaintiff's assertion, *see* Resp. at 8 (ECF No. 10), this failure to exhaust is not "curable" by amendment because amendment cannot add a claim to a charge after the administrative deadline. Ordinarily, a dismissal for failure to exhaust administrative remedies is without prejudice to the plaintiff's right to "return to court after [s]he has exhausted [her] administrative remedies." *See* *Story v. Gibson*, 896 F.3d 693, 698 n.2 (5th Cir. 2018). "However, where the time has already passed for filing a charge of discrimination based on the conduct alleged, the dismissal should be with prejudice." *Tynes v. Nationwide Mutual Ins. Co.*, 2018 WL 11471783, at *2 (W.D. Tex. May 9, 2018) (citing *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995)). Here, Plaintiff resigned from her employment with Defendant on February 21, 2024.

Orig. Pet. at 7, 43 (ECF No. 1-1). The time to file a charge of discrimination to exhaust administrative remedies based on any pre-resignation conduct has passed. *See* 42 U.S.C. §§ 2000e-5(e)(1).

Accordingly, the District Judge should **DISMISS** these claims **WITH PREJUDICE**.[2] *See Marshall v. Wells Fargo Bank N.A.*, 2025 WL 607879, at *3 (N.D. Tex. Jan. 31, 2025) (Rutherford, J.) (collecting cases dismissing with prejudice claims premised on acts occurring outside 300-day deadline to file an EEOC charge), *adopted by*, 2025 WL 607381 (N.D. Tex. Feb. 25, 2025) (Kinkeade, J.).

*Failure to State a Claim*

Plaintiff's only remaining claims are her wage discrimination and FMLA claims. However, Defendant points out several deficiencies in Plaintiff's allegations supporting these claims. *See* Mot. at 23–25 (ECF No. 7) (arguing that Plaintiff's wage discrimination claims are time-barred and fail to state a claim);[3]

---

[2] Defendant asserts numerous alternative grounds for dismissal of Plaintiff's retaliation, disability discrimination, failure to accommodate, constructive discharge, and hostile work environment claims. *See* Mot. at 15–23 (ECF No. 7). Because the Court finds that Plaintiff failed to administratively exhaust these claims, it pretermits discussion of Defendant's alternative arguments.

[3] Defendant argues that Plaintiff's wage discrimination claim is barred in part by the applicable statute of limitations. Mot. at 23–25 (ECF No. 7). Plaintiff counters that each statute identified in her Response—the Equal Pay Act, Title VII, the TCHRA, and the Lilly Ledbetter Fair Pay Act—"treats each paycheck as a discrete actionable offense." Resp. at 8 (ECF No. 10). This is not entirely correct. "Violations of the Equal Pay Act are subject to a two-year statute of limitations, except that a willful violation may be commenced within three years of the time a cause of action accrued." *Smith v. Rumsfeld*, 2006 WL 8436835, at *4 (N.D. Tex. Aug. 24, 2006) (Solis, J.) (citing 29 U.S.C. § 255(a)). "[A]n Equal Pay Act claim accrues each time

*see id.* at 19 (arguing that Plaintiff has not pleaded any facts to support a claim for interference with her rights under the FMLA). Although Plaintiff attempts to address those deficiencies in her Response, *see generally* Resp. (ECF No. 10), Defendant correctly highlights that the "newly-asserted facts are not properly before the Court[.]" Reply at 1 (ECF No. 11); *see also Willis v. Amifast*, 2024 WL 1543232, at *5 (W.D. Tex. Apr. 9, 2024) ("Defendant also accurately points out that a plaintiff cannot raise new allegations and claims in response to a motion to dismiss.").

However, the Fifth Circuit is inclined to give pro se plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, J.); *Sims v. Tester*,

an employer presents an 'unequal' paycheck to an employee for equal work." *Celious v. Worley Ltd.*, 2025 WL 976601, at *6 (S.D. Tex. Mar. 31, 2025) (cleaned up). In contrast, wage discrimination claims under the TCHRA must be filed within an 180-day limitations period. Tex. Lab. Code § 21.202(a); *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 503 (Tex. 2012) ("[A] pay discrimination complaint must generally be brought within 180 days of the date the claimant is informed of the compensation decision."). And the Texas Supreme Court has expressly held that the Lilly Ledbetter Fair Pay Act's pronouncement that a discriminatory pay decision occurs each time a paycheck is received does **not** apply to the TCHRA. *See Prairie View A&M Univ.*, 381 S.W.3d at 503; *see also Sauceda v. Univ. of Tex. at Brownsville*, 958 F. Supp. 2d 761, 768 (S.D. Tex. 2013) (recognizing that "the TCHRA does not incorporate the Ledbetter Act's definition of when a discriminatory act occurs"). Therefore, "the 180-day limitations period in the TCHRA commences when the employee is informed of the allegedly discriminatory employment decision, not when that decision comes to fruition." *Saucedo*, 958 F. Supp. 2d at 769 (cleaned up). Although the undersigned recommends that the District Judge give Plaintiff the opportunity to file an amended complaint, Plaintiff should be mindful of the time limitations affecting her wage discrimination claims.

2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). Courts therefore typically allow pro se plaintiffs to amend their complaints when the action is to be dismissed by a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.); *Sims*, 2008 WL 398314, at *2. Thus, even if the Court were to agree with Defendant's arguments for dismissal of Plaintiff's wage discrimination and FMLA claims, the Court would grant Plaintiff an opportunity to cure the identified deficiencies and file an amended complaint.

Plaintiff is proceeding pro se in this action and has not previously filed an amended complaint. Her operative pleading was originally filed in state court before Defendant removed the case to federal court. *See Simon v. GM Fin.*, 2025 WL 2689917, at *1 (N.D. Tex. Sep. 19, 2025) (Horan, J.) ("[W]here defendants challenge the pleadings on the merits after a case has been removed to federal court, plaintiffs should be permitted leave to amend their complaint in order to conform to the federal pleading standard.") (quoting *Plamquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 302 (5th Cir. 2024)). Accordingly, the District Judge should **GRANT** Plaintiff leave to file an amended complaint within 30 days of an order accepting these Findings, Conclusions and Recommendation. However, Plaintiff should be permitted to amend **only** her wage discrimination and FMLA claims as she agreed to dismissal of the due process and negligent misrepresentation and concealment claims and failed to exhaust her administrative remedies for her failure to accommodate, disability discrimination,

constructive discharge, hostile work environment, and retaliation claims under Title VII, the ADA, and the TCHRA.

***Recommendation***

The District Judge should **GRANT** in part Defendant's Motion to Dismiss (ECF No. 7). Specifically, the District Judge should **DISMISS WITHOUT PREJUDICE** Plaintiff's due process claims under the Texas Constitution and the Texas Education Code, as well as her negligent misrepresentation and concealment claims. The District Judge should further **DISMISS WITH PREJUDICE** Plaintiff's retaliation, disability discrimination, failure to accommodate, hostile work environment claims, and constructive discharge under Title VII, the ADA, and the TCHRA.

However, the Court should **GRANT** Plaintiff leave to amend her wage discrimination and FMLA claims, and **ORDER** Plaintiff to file an amended complaint within 30 days of an order accepting these Findings, Conclusions and Recommendation. The amended complaint should be complete in itself and should not incorporate the Original Petition by reference. Plaintiff should state separately the facts supporting each claim and identify the relief requested.

**SIGNED** August 18, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).