UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA PINKSTON, *Plaintiff*, | § | |
| v. | § | No. 3:25-CV-3281-X-BT |
| DALLAS INDEPENDENT SCHOOL DISTRICT, *Defendant*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) in this case. (Doc. 12). Plaintiff Cynthia Pinkston filed an objection. (Doc. 13). The Court reviewed *de novo* the portions of the FCR to which an objection was made.[1] After conducting a *de novo* review of the objected to portions of the FCR, the Court **OVERRULES** her objections. The Court reviewed the remaining portions of the FCR for plain error and found none; it thus **ACCEPTS** and **ADOPTS** it in full.

To start, Pinkston did not object to the Magistrate Judge's finding that the Court should dismiss without prejudice her due process claims under the Texas Constitution and Texas Education Code and her negligent misrepresentation and concealment claims. The Court thus reviewed this portion of the FCR for plain error and found none.

[1] 28 U.S.C. § 636(b)(1).

However, Pinkston first objects to dismissing "with prejudice of her retaliation claim for failure to exhaust."[2] She claims that while her Equal Employment Opportunity Commission (EEOC) charge was pending, she reported post charge retaliation to the EEOC and asked whether retaliation could be added to her existing claim.[3] However, she only "reported retaliation" by responding to an automated email message from the EEOC. And that email informed her that the "automated response [she received] confirm[ed] receipt of [her] inquiry and [wa]s not intended to address [her] specific questions."[4] The Fifth Circuit has held that before filing a suit in federal court under Title VII or the Americans with Disabilities Act (ADA), a plaintiff must "first exhaust her administrative remedies by *filing a charge of discrimination* with the EEOC."[5] Merely responding to an automated message from the EEOC (and one that is expressly *not* a forum for questions) does not comport with this rule. Because Pinkston did not include retaliation claims in her Original Charge or her Amended Charge, and because a retaliation claim could not reasonably be expected to grow out of her charges, the Court **OVERRULES** her first objection.

Second, Pinkston objects to treating two documents "as the complete administrative history."[6] She points to email communication with various EEOC-affiliated email addresses.[7] Yet those emails themselves inform Pinkston that

---

[2] Doc. 13 at 1.

[3] *See* Doc. 13 at 2.

[4] Doc. 13-2 at 4–5.

[5] *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021) (emphasis added).

[6] Doc. 13 at 3.

[7] *See id.*; *see also* Doc.13-2 at 12–14, 19, 48–50.

"[c]ommunication with EEOC does not constitute charge of discrimination filing."[8] Extraneous communication with EEOC employees or automated EEOC email addresses does not constitute filing or amending an EEOC charge—of which Pinkston herself was informed.[9] Accordingly, the Court **OVERRULES** her second objection.

Third, Pinkston objects to restricting "her first federal amendment to wage discrimination and Family and Medical Leave Act (FMLA) claims without a claim specific determination that amendment of the remaining claims would necessarily be futile."[10] She argues that if "additional facts [not pleaded in the operative Complaint] cannot be considered because they have not yet been pleaded," she should have an opportunity to plead them now.[11] However, this misunderstands how pleadings and complaints work in federal court. As the FCR notes, her "failure to exhaust is not curable by amendment because amendment cannot add a claim to a charge after the administrative deadline."[12] In other words, allowing an amendment now would do her no good, because she can no longer file an EEOC charge, and without filing an EEOC charge, she cannot exhaust her administrative remedies. So the Court **OVERRULES** her third objection.

Fourth, Pinkston objects to "dismissal with prejudice of her ADA claims without consideration of the complete ADA related chronology and employer

---

[8] Doc. 13-2 at 48.

[9] *See id.*

[10] Doc. 13 at 4.

[11] *Id.*

[12] Doc. 12 at 14 (cleaned up).

knowledge record."[13] She points to communications between Dallas Independent School District and her supervisor in which they discussed her ADA request, but such communications, divorced from an EEOC charge, cannot sustain her claims. Accordingly, the Court **OVERRULES** her fourth objection.

Fifth, Pinkston objects to "permanently foreclosing amendment of" her hostile work environment and constructive discharge theories.[14] In her view, her administrative submission to the EEOC included allegations regarding her workload, reprimands, and circumstances leading to her departure.[15] Yet the FCR explains that "nowhere in either of [her] Charges did she allege that she experienced any harassment, intimidation, ridicule, insult, threats, humiliation, or other facts that would reasonably be expected to cause the EEOC to investigate a hostile work environment claim."[16] And her allegation that she "resigned under pressure" does not contain facts "suggesting that her working conditions became so intolerable that a reasonable person in [her] position would have felt compelled to resign."[17] Accordingly, the Court **OVERRULES** her fifth objection.

Having conducted a *de novo* review of the objected to portions of the FCR, and finding no error, the Court **ACCEPTS** the FCR and **ADOPTS** its findings, conclusions, and recommendation. Accordingly, the Court **GRANTS** Dallas ISD's

---

[13] Doc. 12 at

[14] Doc. 13 at 6.

[15] *Id.*

[16] Doc. 12 at 11–12.

[17] *Id.* at 12.

motion to dismiss. (Doc. 7). The Court **DISMISSES WITHOUT PREJUDICE** Pinkston's due process claims under the Texas Constitution and the Texas Education Code, as well as her negligent misrepresentation and concealment claims. The Court **DISMISSES WITH PREJUDICE** her retaliation, disability discrimination, failure to accommodate, hostile work environment, and constructive discharge claims under Title VII, the ADA, and the Texas Commission on Human Rights Act. The Court **GRANTS** Pinkston leave to amend her wage discrimination and FMLA claims and **ORDERS** her to file an amended complaint within 30 days of this Order. The amended complaint should be complete in itself and should not incorporate the Original Petition by reference. Pinkston should state separately the facts supporting each claim and identify the relief requested. The amended complaint may not add new parties or claims beyond those this order expressly allows.

**IT IS SO ORDERED** this 10th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE